**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIJUN ZHAO, | No. 17-72402 |
| Petitioner, | Agency No. A088-131-411 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2022[**]
Portland, Oregon

Before: EBEL,[***] W. FLETCHER, and CLIFTON, Circuit Judges.

Lijun Zhao ("Zhao"), a native and citizen of China, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determinations and its denials of asylum, withholding of removal, and CAT relief. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We deny the Petition.

The BIA's adverse credibility determination was supported by substantial evidence in light of three "specific and cogent reasons" offered by the BIA. *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017).

First, Zhao gave inconsistent testimony regarding the "timeframes and circumstances" underlying his allegations. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022). Although Zhao's allegation that his wife was forced to undergo an abortion lies at the heart of his asylum claim, he gave inconsistent statements as to when he learned about the abortion. Given the significance of this event, the discrepancy in Zhao's testimony calls into question the truthfulness of his account. *See id.* at 750. Similarly, although Zhao initially stated that he "hit[]" one of the family-planning officials at the hospital, he subsequently disavowed that assertion in his oral testimony, instead suggesting that he and the officials had merely pushed each other. While Zhao's former statement describes a unilateral act of aggression that may have provided a legitimate (i.e., non-persecutory) basis

2

for his arrest and detention, *see, e.g.*, *Abedini v. INS*, 971 F.2d 188, 191 (9th Cir. 1992), his latter statement suggests a mutual and less violent altercation. Because this inconsistency "went to the truthfulness of the circumstances surrounding [Zhao's] arrest[]," it "go[es] to the heart of [his] claim for asylum," *Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010), and therefore "is of great weight," *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). The IJ and BIA were not required to credit Zhao's unpersuasive explanations for these two inconsistencies, *see Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010), which were sufficient to support the adverse credibility determination, *see Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021).[1]

Second, the IJ explained that on cross-examination, Zhao would laugh when

---

[1] The IJ and BIA also relied on a third supposed discrepancy in Zhao's testimony. Although Zhao stated in his written declaration that family-planning officials had threatened to sterilize him if he and his wife conceived another child, he omitted any mention of that threat in his oral testimony until it was raised on cross-examination, instead stating that he was only told to "be obedient." We have recognized that, "in general, 'omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony.'" *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) (quoting *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014)). Here, "the omitted information was not *inconsistent* with the statements in [Zhao's] asylum application, his direct testimony, or any other evidence in the record." *Id.* Rather, the additional information elicited on cross-examination "was information consistent with [Zhao's] own claimed experiences that would have helped his claim had he brought it out himself." *Id.* (quoting *Lai*, 773 F.3d at 974). Thus, the agency erred to the extent it relied on Zhao's omission of the sterilization threat as evidence that he "fabricated his claims of persecution." *Id.* at 1069.

counsel for the Government pressed him to explain various inconsistencies. When the IJ asked Zhao whether something was funny, Zhao did not address the question. Thus, the IJ "point[ed] out the noncredible aspects of the petitioner's demeanor," *Shrestha*, 590 F.3d at 1042, and provided "specific, first-hand observations—precisely the kind of credibility cues that are the special province of the factfinder," *Manes*, 875 F.3d at 1263. Under these circumstances, the demeanor findings offered by the agency "were sufficiently specific and supported by substantial evidence." *Id.* at 1264.

Third, Zhao failed to provide corroborating medical evidence that his wife had undergone an abortion. Because an applicant bears the burden of proving that he or she is a refugee, 8 C.F.R. § 208.13(a), if the trier of fact does not believe the applicant, "the applicant's failure to corroborate his testimony can be fatal to his asylum application," *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000). Here, although Zhao apparently had family members send other supporting documents, including an X-ray report from the hospital where his wife's alleged abortion was performed, he failed to provide any evidence that might corroborate the abortion itself, such as other medical documents or statements from his family members. Since "the record does not compel the conclusion that . . . [material,] corroborating evidence [regarding the alleged abortion] was unavailable," the agency properly considered this lack of corroborating evidence in forming an adverse credibility

4

determination.  *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1187 (9th Cir. 2016) (citation and alteration omitted).

Because the agency's adverse credibility determination was supported by substantial evidence, Zhao cannot satisfy his burden of proving eligibility for asylum or withholding of removal.  *Manes*, 875 F.3d at 1265.  Although "[a]n adverse credibility determination does not, by itself, necessarily defeat a CAT claim," when a petitioner is found not credible, we will reverse a BIA decision denying CAT protection only if there is other evidence of torture, such as country condition reports, that compels the conclusion that the petitioner is more likely than not to be tortured.  *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (quoting *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014)).  In light of the fact that China has ended its one-child policy, the agency's conclusion that Zhao had not provided any evidence to show a particularized risk of torture was supported by substantial evidence.  *Cf. id.*

**PETITION FOR REVIEW DENIED.**